UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY LOONEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:09-CV-0840-G |
| IRVINE SENSORS CORPORATION, ) | |
| ) | **ECF** |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff Timothy Looney ("Looney" or "the plaintiff") for summary judgment (docket entry 7). For the reasons discussed below, the motion is granted, and the plaintiff's motion to strike certain of the defendant Irvine Sensors Corporation ("Irvine" or "the defendant")'s affirmative defenses (docket entry 14) is denied as moot.

### I. BACKGROUND

#### A. Factual Background

This is an action to recover on a promissory note, styled as a claim for breach of contract. The following facts are undisputed. In December 2006, the plaintiff and

the defendant executed an unsecured subordinated promissory note ("Note") whereby Irvine agreed to pay Looney the principal sum of $400,000. Declaration of Timothy Looney ("Looney Declaration") at 1, *located in* Appendix to Plaintiff Timothy Looney's Memorandum in Support of His Motion for Summary Judgment ("Plaintiff's Appendix") at 1; Note at 1, *located in* Plaintiff's Appendix at 4.  The note stated that payment was due on or before December 29, 2007.  Note at 1, *located in* Plaintiff's Appendix at 4.  Three additional terms of the note are relevant here.  First, the note obligates Irvine to pay Looney interest on the balance of the note, accruing at an annual rate of 11 percent.  Note at 1, *located in* Plaintiff's Appendix at 4.  Second, the note stipulates that if Irvine does not pay the note when it is due, Irvine is obligated to pay Looney interest on the note accruing at an annual rate of either 18 percent or the highest interest rate permitted by law, whichever is lower.  Note at 2, *located in* Plaintiff's Appendix at 5.  Third, the note provides that Irvine is obligated to pay all costs, including reasonable attorneys' fees and expenses, that Looney incurs in connection with efforts to collect any amount due under the note.  Note at 3, *located in* Plaintiff's Appendix at 6.  Looney has provided evidence that, as of the time of the filing of his motion for summary judgment, he had incurred reasonable attorneys' fees in the amount of $8,500.  Declaration of J. Sean Lemoine in Support of Plaintiff's Motion for Summary Judgment at 2, *located in* Plaintiff's Appendix at 14.  On April 1, 2009, Looney, acting through his attorney, J. Sean Lemoine, demanded payment of

the principal of and accrued interest on the note. Looney Declaration at 1-2, *located in* Plaintiff's Appendix at 1-2; Letter from J. Sean Lemoine to Irvine Sensors Corporation of April 1, 2009 ("Demand Letter") at 1, *located in* Plaintiff's Appendix at 12. Irvine has not yet paid Looney on the note. Looney Declaration at 1-2, *located in* Plaintiff's Appendix at 1-2.

Although the above facts are undisputed, Irvine does not concede its obligation to pay Looney on the note. According to Irvine, the execution of the note was one part of a much larger transaction between the parties -- specifically, the purchase by Irvine of a corporation called Optex Systems, Inc. ("Optex") that was wholly owned by Looney. Affidavit of John Carson in Support of Irvine Sensors Corporation's Opposition to Plaintiff's Motion to Summary Judgment ("Carson Affidavit") at 1-2, *located in* Appendix to Defendant Irvine Sensors Corporation's Memorandum in Support of Irvine Sensors Corporation Response to Plaintiff's Motion for Summary Judgment ("Defendant's Appendix") at 1-2. That transaction was governed by a stock purchase agreement under which Irvine agreed to purchase 70 percent of Optex in December 2005 for approximately $14 million and acquired an option -- which it eventually exercised -- to acquire the remaining 30 percent of Optex in December 2006 for stock valued at approximately $7 million. Carson Affidavit at 4-5, *located in* Defendant's Appendix at 4-5. According to Irvine, the note at issue in this case was part of the consideration it gave in connection with the December 2006 phase of the

stock purchase agreement. *Id.* Irvine contends that Looney concealed or misrepresented material information and breached various fiduciary duties in connection with the sale of Optex to Irvine. Response of Irvine Sensors Corporation to Plaintiff's Motion for Summary Judgment ("Response") at 1-3; Carson Affidavit at 3-8, *located in* Defendant's Appendix at 3-8.

Irvine asserts fourteen affirmative defenses. Original Answer at 3-5; Response at 4-5. Thirteen of them are founded on Looney's alleged conduct during the sale of Optex to Irvine. Irvine's fourteenth affirmative defense is that Looney is barred from prosecuting this action by *res judicata* and/or collateral estoppel because previous litigation between Looney and Irvine in a California state court "encompassed, or should have encompassed, the promissory note" at issue in this case. Response at 3.

### B. Summary Judgment Standard

Looney has moved for summary judgment. Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2).[1] Material facts are those facts that the governing substantive law identifies as having the

---

[1] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue as to a material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must show that the evidence is sufficient to support the resolution of a material factual issue in his favor. *Anderson*, 477 U.S. at 249. When ruling on a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)).

## II. ANALYSIS

### A. The *Prima Facie* Case for Summary Judgment

Suits on promissory notes are typically well-suited for resolution via summary judgment. *Resolution Trust Corporation v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995) (citing *Federal Deposit Insurance Corporation v. Cardinal Oil Well Servicing Company*, 837 F.2d 1369, 1371 (5th Cir. 1988)). In this case, the note provides that the laws of Texas "shall govern the construction, validity, and enforcement and interpretation" of the note. Note at 4, *located in* Plaintiff's Appendix at 7. Under Texas law, a plaintiff seeking summary judgment in an action against the maker of a promissory note

"'need not prove all essential elements of a breach of contract, but only must establish [1] the note in question, [2] that [the maker] signed the note, [3] that the [plaintiff is] the legal owner and holder [of the note,] and [4] that a certain balance [is] due and owing on the note.'" *Starkey*, 41 F.3d at 1023 (quoting *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd)). "A photocopy of a note, attached to a sworn affidavit declaring that the photocopy is a true and correct copy of the original, is considered valid summary judgment evidence in Texas." *Id.* (citing *Life Insurance Company v. Gar-dal, Inc.*, 570 S.W.2d 378, 380 (Tex. 1978)). "If the execution of the promissory note has not been denied under oath, a prima facie case is made by an affidavit attesting that the movant is the owner and holder of the note, and that there is a balance due on that note." *Id.* (citing *Clark*, 658 S.W.2d at 296).

In this case, Looney has attached a copy of the note, *see* Plaintiff's Appendix at 4-10, to a sworn affidavit in which he states that the photocopy is a true and correct copy of the note, that he is the owner and holder of the note, and that there is a balance due on the note, *see* Looney Declaration at 1-2, *located in* Plaintiff's Appendix at 1-2. Irvine admits that it executed the note. Original Answer at 2, ¶ 7. Therefore, Looney has made a *prima facie* case that he is entitled to summary judgment on the note.

B.  Preclusion Doctrines

Irvine contends Looney is precluded from bringing this action by virtue of prior litigation between Looney and Irvine in a California state court.  Response at 3-4.  In determining the preclusive effect of a prior state-court judgment, a federal court applies the preclusion principles of the state from which the judgment originates.  *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996).  Because the earlier litigation between the parties took place in California, the court will apply California's law of preclusion.  On the basis of that law, the court concludes that Looney is not barred from prosecuting this action by any of the three preclusion doctrines on which Irvine relies.

Under California law, both claim preclusion and issue preclusion require proof that "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."  *People v. Barragan*, 83 P.3d 480, 492 (Cal. 2004) (citation and internal quotation marks omitted).  Claim preclusion "operates as a bar to the maintenance of a second suit between the same parties on the same cause of action," *id.* (citation and internal quotation marks omitted), while issue preclusion "prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding," *Robi v. Five*

*Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (citation and internal quotation marks omitted).

Here, Irvine's own summary-judgment evidence defeats its claim that either claim preclusion or issue preclusion applies to this case. The affidavit of Zachary Bulthuis, one of Irvine's attorneys, attests that, "To date, final judgment has not been entered" in the California action and avers that Irvine "plans to file a motion for judgment notwithstanding [the] verdict and a motion for new trial within two weeks of entry of the judgment" in that case. Affidavit of Zachary Bulthuis in Support of Irvine Sensors Corporation's Opposition to Plaintiff's Motion to Summary Judgment ("Bulthuis Affidavit") at 2, ¶¶ 6-7 , *located in* Defendant's Appendix at 11. Under California law, this evidence alone defeats the application of both claim preclusion and issue preclusion. See, *e.g.*, *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir.), *cert. denied*, 484 U.S. 849 (1987); *Syufy Enterprises v. City of Oakland*, 128 Cal. Rptr. 2d 808, 816 (Cal. Ct. App. 2003).

Further, each of these preclusion doctrines is inapplicable for an additional reason. As to claim preclusion, Irvine's uncontested summary judgment evidence establishes that "[a]t no point prior to, during, or after the trial" in the California action did Looney "bring or seek to bring a cause of action based on the alleged breach of the terms of the Note." Bulthuis Affidavit at 3, ¶ 8, *located in* Defendant's Appendix at 12. Under California law, this evidence defeats the application of claim

preclusion. See *Branson v. Sun-Diamond Growers*, 29 Cal. Rptr. 2d 314, 320 (Cal. Ct. App. 1994) (explaining that identity of causes of action is a threshold requirement for the application of claim preclusion). As to issue preclusion, California law imposes "the additional requirements that the issue to be precluded was actually litigated and necessarily decided." *State Bar of California v. Statile*, 86 Cal. Rptr. 3d 72, 88-89 n.17 (Cal. Ct. App. 2008). The party asserting issue preclusion bears the burden of proof. *Id.* at 88. Irvine's evidence establishes nothing more than that the California action included a claim by Looney that Irvine breached the stock purchase agreement -- "specifically, that Irvine failed to timely register shares of Irvine Sensors stock that were issued to Plaintiff to complete the Optex Purchase" -- and a counterclaim by Irvine for misrepresentation. Bulthuis Affidavit at 2, ¶ 5, *located in* Defendant's Appendix at 11. Irvine has thus failed to offer evidence creating a genuine issue of fact about whether the issue sought to be precluded in this action -- *i.e.*, whether Irvine is excused from paying Looney on the note -- was actually litigated in the California action. It follows that issue preclusion does not bar Looney from prosecuting this action.

Finally, Irvine contends that Looney is barred from bringing this suit because "California Code of Civil Procedure [§]426.30(a) requires a litigant to bring *all* related causes of action in the same lawsuit." Memorandum in Support of Irvine Sensors Corporation Response to Plaintiff's Motion for Summary Judgment

("Memorandum in Support of Response") at 3 (emphasis in original). This contention misstates the language of the statute, which provides only that "a party *against whom* a complaint has been filed and served" must allege in a "cross-complaint any related cause of action" that party has "*against the plaintiff*." CA. CIV. PROC. CODE § 426.30(a) (emphasis added). Irvine has not adduced any evidence that it filed and served a complaint against Looney in the California state-court action.[2] As a result, the court concludes that this action is not barred by California Code of Civil Procedure §426.30(a).

### C. Irvine's Remaining Affirmative Defenses

Irvine's response to Looney's motion for summary judgment contends that thirteen additional affirmative defenses bar Looney from recovering on the note: unclean hands, that the "[p]laintiff's claims are barred because of its breach of the contracts here at issue," fraudulent inducement, mutual mistake, unilateral mistake, unconscionability, unjust enrichment, contributory negligence, equitable estoppel,

---

[2] The only potential piece of evidence in the record on this point is the unelaborated statement of Zachary Bulthuis that Irvine "brought a counterclaim for misrepresentation" against Looney in the California action. Bulthuis Affidavit at 2, ¶ 5, *located in* Defendant's Appendix at 11. The significance of this statement is unclear. California has abolished the counterclaim and replaced it with the cross-complaint. CAL CIV. PROC. CODE § 428.80. While the term "complaint" in § 426.30(a) includes a cross-complaint, *see id.* § 426.10(a), the operation of § 426.30(a) is subject to several statutory limitations and exclusions, *see, e.g.*, *id*. §§ 426.30(b); 426.40; 426.60. Irvine has not offered any evidence that its "counterclaim" triggered the operation of § 426.30(a), and it is not incumbent on the court to find that evidence for itself. See *Pita Santos v. Evergreen Alliance Golf Limited*, 650 F. Supp. 2d 604, 611 n.1 (S.D. Tex. 2009) (collecting cases).

waiver, failure to mitigate damages, offset, and breach of fiduciary duty. Response at 4-5.[3] Irvine would bear the burden of proof at trial on its affirmative defenses. *Fontenot*, 780 F.2d at 1194. Looney contends that Irvine has offered "no evidence that creates a fact issue" as to Looney's entitlement to collect on the note. Plaintiff Timothy Looney's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment at 1-2. When the nonmoving party would bear the burden of proof at trial on a dispositive issue, the moving party's burden under Rule 56 "may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corporation v. Catrett*, 477 U.S. 317, 325 (1986). The party opposing a motion for summary judgment has a duty to "designate 'specific facts showing there is a genuine issue for trial.'" *Catrett*, 477 U.S. at 324 (quoting FED. R. CIV. P. 56(e)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment . . . . Rule 56 allocates that

---

[3] Irvine's answer omitted its affirmative defense of breach of fiduciary duty and instead asserted the affirmative defense of "the parol evidence rule." Original Answer at 5. However, Irvine did not re-assert the parol evidence rule as an affirmative defense in its response to Looney's motion for summary judgment. Therefore, Irvine is deemed to have abandoned that affirmative defense. See *Stewart v. City of Houston*, 2009 WL 2849728, at *8 (S.D. Tex. Sept. 3, 2009) ("The Fifth Circuit has held repeatedly that if a party fails to pursue a claim or defense beyond the initial pleading, the issue is deemed abandoned." (citing *Black v. Panola School District*, 461 F.3d 584, 588 n.1 (5th Cir. 2006), and *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001))).

duty to the opponent of the motion . . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

Initially, the court notes that Irvine's memorandum in support of its response discusses only eight of its thirteen remaining affirmative defenses. The defendant's bare assertions in its response that Looney's claim is barred by (1) his "breach of the contracts here at issue," (2) unjust enrichment, (3) contributory negligence, (4) waiver, and (5) failure to mitigate damages, Response at 4-5, are not sufficient to create a fact issue as to any of those affirmative defenses. See *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.) ("Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat . . . a motion for summary judgment."), *cert. denied*, 506 U.S. 825 (1992).

Irvine also has failed to create a genuine fact issue of material fact as to each of the eight affirmative defenses that it discusses in its memorandum in support of its response. The doctrine of "unclean hands" allows a court to refuse to grant equitable relief to a plaintiff who is guilty of inequitable conduct. *E.g., Stafford v. Southern Vanity Magazine, Inc.*, 231 S.W.3d 530, 536 n.4 (Tex. App.--Dallas 2007, pet. denied) ("The doctrine of unclean hands operates as a bar to the equitable relief of specific performance."). A suit on a promissory note for money damages "need not invoke the equity jurisdiction of the court" for its remedy, so "the doctrine of unclean hands

is not applicable." *Harvey v. Casebeer*, 531 S.W.2d 206, 208 (Tex. Civ. App.--Tyler 1975, no writ).

The defense of fraudulent inducement is subject to a "heightened proof requirement" where the contract at issue is a promissory note. *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W. 3d 854, 865 n.2 (Tex. App.--Houston [14th Dist.] 2003, pet. denied) (en banc) (Hudson, J., dissenting) (collecting cases); see also *Manufacturers Hanover Trust Company v. Kingston Investors Corporation*, 819 S.W.2d 607, 610 (Tex. App.--Houston [1st Dist.] 1991, no writ) ("The allegation of fraud in the inducement alone . . . is not a defense to a suit on a note . . . ."). The party opposing enforcement of the note must also demonstrate some "trickery, artifice, or device to support a defense of fraud in the inducement." *Manufacturers Hanover Trust Company*, 819 S.W.2d at 610. Here, Irvine has not made any allegations or offered any evidence of trickery, artifice, or device. Further, Irvine has offered no evidence creating a genuine issue of fact as to whether Looney fraudulently induced Irvine to execute the note. Irvine's summary judgment evidence, if true, might establish that Looney's conduct and representations induced Irvine to execute the stock purchase agreement. But that fact is not material to Looney's claim that he is entitled to payment on the note.

For mutual mistake to nullify a promissory note, "the evidence must show that both parties were acting under the same misunderstanding of the same material fact."

*McGoodwin v. McGoodwin*, 181 S.W.3d 870, 875 (Tex. App.--Dallas 2006, pet. denied) (citing *Okon v. MBank, N.A.*, 706 S.W.2d 673, 675 (Tex. App.--Dallas 1986, writ ref'd n.r.e.)). Irvine's memorandum in support of its response does not cite any record evidence in support of its claim that Irvine and Looney were operating under a shared mistake when they executed the note. Because Irvine "fails to identify any summary judgment evidence regarding the specific common misunderstandings both" it and Looney "held relating to the promissory note," Irvine "raises no issue of material fact on the existence of mutual mistake." See *id.*

To be entitled to equitable relief on the grounds of unilateral mistake, Irvine must show that: (1) it made a mistake "of so great a consequence that to enforce the contract as made would be unconscionable;" (2) the mistake "relates to a material feature of the contract;" (3) it made the mistake despite having exercised ordinary care; and (4) "the parties can be placed in status quo in the equity sense; *i.e.*, rescission must not result in prejudice to the other party except for the loss of his bargain." *City of The Colony v. North Texas Municipal Water District*, 272 S.W.3d 699, 737 (Tex. App. -- Fort Worth 2008, pet. granted July 2, 2009) (citing *James T. Taylor & Son, Inc. v. Arlington Independent School District*, 335 S.W.2d 371, 373 (Tex. 1960)). Irvine has not argued or pointed the court to any evidence indicating that the note could be rescinded without prejudice to Looney. In addition, Irvine has designated no evidence in support of its claim that enforcing the note would be unconscionable.

Therefore, Irvine has failed to raise a genuine issue of material fact as to two of the four elements of its affirmative defense of unilateral mistake.  Accord *id.* at 737-38 (granting a no-evidence motion for summary judgment under TEX. R. CIV. P. 166a(i)).

Texas's common-law doctrine of unconscionability requires the party asserting unconscionability to show that enforcement of the contract would be shockingly oppressive, abusive, or unreasonable.  *Besteman v. Pitcock*, 272 S.W.3d 777, 789 (Tex. App. -- Texarkana 2008, no pet.).  Whether a contract is unconscionable is a question of law.  *American Stone Diamond, Inc. v. Lloyds of London*, 934 F. Supp. 839, 844 (S.D. Tex. 1996).  As discussed above, Irvine has designated no evidence to support its claim that enforcing the note would be unconscionable.  The court holds that Irvine has failed to carry its burden of proof on its affirmative defense of unconscionability.

"[T]he doctrine of equitable estoppel requires:  (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations."  *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998).  Irvine argues that Looney should be "equitably estopped from recovering under the Note" because he "made false representations [to] and concealed material facts" from Irvine "in connection with the sale and

management of Optex." Memorandum in Support of Response at 6. However, Irvine has not offered any evidence that tends to show that it detrimentally relied on Looney's representations when it made its decision to execute the note. See *id.* ("[I]f not for Plaintiff's representations, Defendant would not have *purchased Optex* . . . ." (emphasis added)). Thus, Irvine has failed to create a genuine issue of fact as to its affirmative defense of equitable estoppel.

The affirmative defense of offset or payment requires the maker of a note to prove that payments on the note have been made but not applied or credited to the balance due. *Stucki v. Noble*, 963 S.W.2d 776, 781 (Tex. App.--San Antonio 1998, pet. denied) (citing *Life Insurance Company of Virginia v. Gar-Dal, Inc.*, 570 S.W.2d 378, 381 (Tex. 1978)). Irvine's allegation that "it has been damaged by Plaintiff well in excess of the amounts claimed by Plaintiff under the Note," Memorandum in Support of Response at 6, is legally insufficient because it does not allege that payment has already been made. Further, Irvine did not designate any evidence in support of its claim of offset, so it has failed to create a genuine issue of material fact as to this affirmative defense. See *Stucki*, 963 S.W.2d at 781 ("Competent summary judgment proof must consist of more than mere conclusory allegations of failure to apply offsets, payments, or credits." (citation and internal quotation marks omitted)).

Finally, to recover on its breach-of-fiduciary-duty claim, Irvine must prove that (1) Looney owed it a fiduciary duty; (2) Looney breached his fiduciary duty; and

(3) the breach resulted in injury to Irvine or benefit to Looney.  See *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (applying Texas law). Once again, however, all of the evidence offered by Irvine pertains only to Looney's conduct in connection with the stock purchase agreement and the sale of Optex to Irvine.  Carson Affidavit at 3-9, *located in* Defendant's Appendix at 3-9.  Irvine has not offered any evidence that, if true, would demonstrate that Looney's act of acknowledging and agreeing to the note constituted a breach of a fiduciary duty that Looney owed to Irvine.

In summary, Irvine has not offered any evidence creating a genuine issue of fact as to any of the thirteen affirmative defenses that are founded on Looney's alleged conduct during the sale of Optex to Irvine.  Therefore, Looney is entitled to judgment as a matter of law on each of these affirmative defenses.

## III.  CONCLUSION

For the reasons discussed above, Looney's motion for summary judgment is **GRANTED**, and his motion to strike is **DENIED** as moot.

Judgment will be entered in favor of Looney.  Within ten days of this date, counsel for Looney shall submit a proposed form of judgment in conformity with this memorandum opinion and order.

**SO ORDERED**.

February 15, 2010.

_____
A. JOE FISH
Senior United States District Judge